UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVE C.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C20-5024-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting his subjective testimony, and in assessing certain medical opinions. (Dkt. # 26 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1965, has a high school diploma, and has worked as a sleep technician. AR at 202-03. Plaintiff was last gainfully employed in 2016. *Id.* at 208.

In February 2017, Plaintiff applied for benefits, alleging disability as of December 1, 2016. AR at 184-85. Plaintiff's application was denied initially and on reconsideration, and

ORDER - 1

Plaintiff requested a hearing. *Id*. at 117-23, 125-33. After the ALJ conducted a hearing in October 2018 (*id*. at 41-81), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 21-36.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since December 1, 2016.

Step two: Plaintiff has the following severe impairments: irritable bowel syndrome ("IBS") and adjustment disorder with depression and anxiety.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Plaintiff can perform light work with additional restrictions: he can occasionally climb ladders, ropes, and scaffolds. He can occasionally crawl. He can have occasional exposure to vibration, temperature and humidity extremes. He can perform jobs that provide him with ready access to bathroom facilities. He can understand, remember, and apply short, simple instructions. He can perform routine tasks. He can work in an environment that is not a fast-paced, production-type environment. He can make simple decisions.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

AR at 21-36.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-4. Plaintiff appealed the final decision of the Commissioner to this Court.

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

**A.   The ALJ Did Not Harmfully Err in Discounting the Plaintiff's Subjective Testimony**

The ALJ discounted Plaintiff's subjective complaints because (1) his physical allegations are inconsistent with the record, (2) his mental allegations are inconsistent with the record and his lack of treatment, and (3) his activities were inconsistent with his allegations. AR at 26-34. Plaintiff argues that the ALJ's first and third reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The Court will consider each challenged reason in turn.

//

//

### 1. The ALJ Reasonably Found Plaintiff's Physical Allegations to be Inconsistent With the Record

The ALJ found that the record contained many normal physical examinations and few complaints of fatigue, and that Plaintiff's IBS symptoms were "not described as particularly overwhelming in the record." AR at 27. Plaintiff argues that the ALJ's assessment fails to account for the entirety of the record, which documented ongoing complaints of gastrointestinal problems and fatigue, and that neither type of symptom can be quantified objectively. (Dkt. # 26 at 4-9.) Thus, according to Plaintiff, the ALJ's emphasis on normal objective findings does not provide a basis for discounting Plaintiff's allegations related to his IBS or fatigue.

Plaintiff mischaracterizes the ALJ's assessment of the medical record. The ALJ acknowledged that the record indeed contains multiple references to gastrointestinal symptoms, with intermittent reports of improvement, and occasional complaints of fatigue or problems sleeping. AR at 27-29. The record does not, however, contain reports of the more severe problems that Plaintiff described at the hearing, such as accidents occurring on a regular basis or fatigue that requires him to lie down for hours during the day. *See id*. at 69-70. Furthermore, the normal objective findings described by the ALJ are relevant to the ALJ's assessment of Plaintiff's allegation of musculoskeletal soreness and limitations as to walking, lifting, and carrying, even if they are not particularly relevant to an assessment of Plaintiff's allegations of IBS symptoms or fatigue. *Id*. at 26, 72-74 (Plaintiff's hearing testimony describing knee and back problems that limit his ability to walk, lift, and carry).

Because the ALJ pointed to normal objective findings that contradict some of Plaintiff's physical allegations, and also reasonably found that the record does not indicate that Plaintiff reported the same degree of symptoms and/or limitations to his providers than he described at the hearing, Plaintiff has not shown that the ALJ erred in discounting his physical allegations on

ORDER - 4

these bases. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

        *2. Any Error Related to Plaintiff's Activities is Harmless*

The ALJ also appeared to discount Plaintiff's allegations based on a purported inconsistency between his activities and his allegations. AR at 34. The ALJ did not identify any of Plaintiff's activities that are reasonably inconsistent with his allegations, however, and thus this line of reasoning is invalid. Because the ALJ provided other valid reasons to discount Plaintiff's allegations, including reasoning related to Plaintiff's mental allegations that is not challenged, the error related to Plaintiff's activities is harmless. *See Carmickle*, 533 F.3d at 1162-63.

Accordingly, the Court finds no harmful error in the ALJ's assessment of Plaintiff's subjective allegations. Because the ALJ provided clear and convincing reasons to discount Plaintiff's allegations, and the ALJ's assessment is supported by substantial evidence, the Court affirms this part of the ALJ's decision.

  **B.**  **The ALJ Did Not Err in Assessing the Medical Evidence**

Plaintiff argues the ALJ erred in discounting the opinions of treating nurse Ann Allen, ARNP, and examining psychologist David Barrett, Ph.D. The Court will consider each disputed

opinion in turn.

### 1. *Legal Standards*

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

### 2. *The ALJ Did Not Err in Discounting Ms. Allen's Opinion*

Ms. Allen completed a form opinion in October 2018 describing Plaintiff's physical limitations. AR at 791-92. Specifically, Ms. Allen opined that Plaintiff needed to lie down due to side effects of his medications; that his condition would deteriorate if he tried to work; and that he would be absent four or more days per month due to fatigue, memory problems, and diarrhea. *Id.* Ms. Allen indicated that these limitations had been in place since at least 2010 and were worsening. *Id.* at 792.

The ALJ gave little weight to Ms. Allen's opinion, finding it to be inconsistent with the medical record and inconsistent with Ms. Allen's own treatment notes, which "show benign

findings more often than not[.]" AR at 32. Plaintiff argues that this reasoning is not germane because the ALJ simply cited evidence that he found inconsistent with Ms. Allen's opinion, but did not explain how it was inconsistent. (Dkt. # 26 at 13.)

This argument is not persuasive when the ALJ's decision is read in its entirety. The ALJ summarized the medical record at length earlier in the decision, including all of the treatment notes referenced with respect to Ms. Allen's opinion, and when Ms. Allen's opinion is read with that discussion in mind, the Court can discern why the ALJ found the opinion to be inconsistent with that evidence. *See* AR at 27-32. As the ALJ explained throughout the decision, disabling limitations such as those described by Ms. Allen were not corroborated in the record and the record contains many normal findings that contradict the existence of such limitations. *Id*. Plaintiff has not cited any authority requiring an ALJ to repeat the same findings throughout a decision, when the ALJ's path can be readily discerned. *See Molina*, 674 F.3d at 1121; *Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

### 3. The ALJ Did Not Err With Respect to Dr. Barrett's Opinion

Dr. Barrett examined Plaintiff in March 2017 and indicated that Plaintiff's physical impairments were more limiting than his mental concerns, but nonetheless found that Plaintiff had some concentration problems, difficulty reading, and anxiety when being around people, all of which would make it difficult for him to maintain a job. AR at 430-34.

The ALJ gave some weight to Dr. Barrett's opinion, agreeing with his conclusion that Plaintiff's physical conditions were more limiting than his mental concerns, but noting that Dr. Barrett did not conduct a physical examination. AR at 33. The ALJ also found that the lack of a function-by-function assessment of Plaintiff's mental capabilities limited the probative value of

Dr. Barrett's statements regarding Plaintiff's mental functioning. *Id*. In any event, however, the ALJ found that any suggestion of disabling mental limitations or memory deficits was inconsistent with the "largely unremarkable" mental status examinations in the record. *Id*.

Plaintiff agrees that the lack of a function-by-function assessment undermines the value of Dr. Barrett's opinion, but argues that the ALJ should have recontacted Dr. Barrett for clarification rather than "dismiss his concerns." (Dkt. # 26 at 15.) Plaintiff has not established that recontacting Dr. Barrett was necessary here, however, because Dr. Barrett himself opined that Plaintiff's physical limitations were his primary barrier to employment and the ALJ reasonably found that the longitudinal record did not indicate that the mental problems identified by Dr. Barrett were disabling. AR at 33, 433. Furthermore, the ALJ did not entirely dismiss Dr. Barrett's concerns, but accommodated several mental limitations in the RFC assessment. *Id*. at 26, 33. Under these circumstances, the Court does not find that Dr. Barrett's opinion was ambiguous or that the record was inadequate to permit proper evaluation of the evidence, and thus the ALJ's duty to further develop the record was not triggered. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Plaintiff goes on to point to a mental opinion submitted for the first time to the Appeals Council, apparently in an attempt to show that further development of the record as to his mental limitations is necessary. (Dkt. # 26 at 16-17.) This attempt is not persuasive because the Appeals Council evidence does not undermine the ALJ's decision or bolster Plaintiff's argument that further development of the record is necessary. The Appeals Council evidence consists of a checkbox medical source statement form assessing marked and severe limitations in nearly all domains of mental health functioning, dated six months after the ALJ's decision and signed by social worker Joy Waterhouse, whose name does not appear elsewhere in the record. *See* AR at

9-11. Ms. Waterhouse's opinion does not suggest that it is intended to apply to the period adjudicated by the ALJ, and the absence of any corroborating treatment notes render this checkbox opinion entirely unsupported. Under these circumstances, the Court does not find that Ms. Waterhouse's opinion undermines the substantial evidence supporting the ALJ's decision, or suggests any inadequacy in the record considered by the ALJ. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60, 1162-63 (9th Cir. 2012).

For all of these reasons, the Court finds that Plaintiff has failed to establish error in the ALJ's assessment of the medical opinion evidence.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 30th day of November, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge